## W. F. LEWIS *v.* D. R. DUNLOP.

GARNISHMENT. *Duties and liabilities of garnishee. Amending answer.*

A garnishee who, after answering that he owes negotiable notes, has notice that they were assigned before the garnishment, unless he amends his answer by stating the assignment, is not protected against the assignee by the recovery in the garnishment proceeding, but subjects himself to double payment of the debt.

APPEAL from the Chancery Court of Newton County.
Hon. T. B. GRAHAM, Chancellor.

*W. H. Hardy*, for the appellant.

The garnishment, followed by the judgment and levy, and the sale, which satisfied the judgment, was a payment of the notes, and, these facts, being admitted by setting down the case for hearing on bill and answer (Code 1871, §§ 1025, 1081), constituted a complete defence to the present proceeding, and the decree of foreclosure was erroneous.

*G. B. Huddleston*, for the appellee.

The facts stated in the answer are insufficient to relieve the appellant from liability, because it does not appear that he discharged his duties as trustee of the parties interested in the debt, by setting up the assignment in the garnishment proceeding, although he had notice thereof before judgment. Code 1871, §§ 1451, 1452, 1453; *Oldham* v. *Ledbetter*, 1 How. 43; *Kellogg* v. *Freeman*, 50 Miss. 127.

*Frank Johnston*, for the appellant, in reply.

The judgment on the garnishee's answer operated to transfer the debt so that the garnishee became debtor to the plaintiff in the writ. That judgment has been executed, and the Chancery Court cannot vacate it by declaring that the appellant is debtor to the appellee.

CHALMERS, J., delivered the opinion of the court.

The bill alleged that the notes sued on had been assigned to the complainant, and that the respondent, who was the maker, had notice of the transfer at and before the maturity of the notes, to wit, on Sept. 10, 1876. The respondent answered that he had in a suit at law between one Spencer and Garner, the original payee of the notes, been garnished as the debtor of said Garner; that he had answered on July 15, 1876, admitting his indebtedness to Garner upon the notes now sued upon; that judgment had been entered against him upon his answer, under which judgment his land had been levied on and sold. He expressly denied that any notice of the transfer of the notes had been given him at the time he filed his answer as garnishee in the suit at law. The complainant set the case down for hearing upon bill and answer before the expiration of the period allowed for taking depositions, thereby admitting the truth of the answer. He had

decree, from which the repondent appealed.   The bill alleged that the notes were transferred to the complainant in May, 1876 (before the institution of the action at law, in which the respondent was garnished), and that notice of the transfer was given to the respondent on September 10th following.   The answer does not deny this, but avers that before notice of the transfer, to wit, on July 15th, respondent had answered as garnishee, and it denies that at that time he had notice of the transfer. But the answer shows that no judgment was entered upon the answer as garnishee until March, 1877, long after the time when, according to the undenied allegations of the bill, notice of the transfer had been given.   Admitting the answer, therefore, to be true, it constituted no defence to the bill, because it was the duty of the respondent, as garnishee in the action at law, having received notice of the transfer of his notes after the filing of his answer, and before judgment upon it, to put in an amended answer informing the court that he was no longer the debtor of his original creditor, but of the present complainant, who had become the holder of the notes.   This would have been his duty even after judgment and before satisfaction by execution.   *Oldham* v. *Ledbetter*, 1 How. 43 ; Code 1871, §§ 1451, 1452, 1453.   Not having discharged the duty to his new creditor which the law imposed upon him, he has subjected himself to a double payment of the debt.

*Decree affirmed.*